## No. 5133.

### WILLIAM KOBLENSCHLAG v. THE STATE.

UNLAWFUL SALE OF LIQUOR TO A MINOR—EVIDENCE.—Upon a trial for the unlawful sale of liquor to a minor, the point at issue being the defendant's knowledge of the purchaser's minority, the State was permitted, over objection, to ask a witness if, at the time of the alleged offense, the purchaser, by reason of his physical appearance, would be taken by a person of ordinary observation to be a minor; and the witness was permitted to answer in the affirmative. *Held*, error.

APPEAL from the County Court of Montague. Tried below before the Hon. Griffin Ford, County Judge.

The conviction was for the unlawful sale of intoxicating liquor to a minor, and the penalty imposed was a fine of twenty-five dollars.

The age of the purchaser was shown to be fifteen years at the time the liquor was sold to him by the defendant, but there was no proof that his minority was known to the defendant.

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. This was a conviction for selling liquor to a minor. Upon the trial the State's counsel propounded to the witness the following question: "From physical appearance in last August, was W. C. Strong a minor, or did he appear to be so to a man of ordinary observation?" To which the witness answered: "At that time a person of ordinary observation and intellect would have taken him to be a minor, from his physical appearance." Counsel for appellant objected to both the question and the answer. Both were improper, and in permitting both or either there was error. The age, appearance, etc., of the minor might very properly be shown; but it is not permissible for the witness to give his opinion as to how others would be impressed by these physical marks of age. It was the province of the jury to determine whether from these the defendant knew that the party was in fact a minor.

Syllabus.

For this error the judgment must be reversed and the cause remanded.

*Reversed and remanded.*